UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A.M., Plaintiff, v. FRANK BISGINANO, Commissioner of Social Security, Defendant. | Case No.: 26-cv-6460-DDL **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** **[Dkt. No. 2]** |

On November 12, 2026, Michael A.M. ("Plaintiff") filed a complaint seeking judicial review of a final adverse decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. Plaintiff concurrently filed an application to proceed in this matter *in forma pauperis* (the "IFP Application"), which is presently before the Court. Dkt. No. 2.

This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citing *United States v. McQuade*,

647 F.2d 938, 940 (9th Cir.1981)).

Here, Plaintiff declares he is unemployed and that his only sources of income are his Veterans Affairs pension ($1,808 per month) and public assistance EBT benefits ($213 per month). Dkt. No. 2 at 1-2. These monthly sources of income total $2021 and leave Plaintiff short of his monthly expenses which total $2051. *Id.* 4-5. He lists as assets a 1987 Jeep Wrangler valued at $3,000. *Id.* at 3. He has $0 - $50 in a checking account. *Id.* at 2. Plaintiff pays $363 in child support for his sixteen year old daughter each month. *Id.* at 3. Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that he lacks the financial resources to pay the filing fee and **GRANTS** Plaintiff's IFP Application.

Where the Court grants a litigant permission to proceed *in forma pauperis*, it must also screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) of the United States Code. The statute requires dismissal where a complaint fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See id*. Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security plaintiff's complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). The Court has reviewed Plaintiff's complaint and finds it satisfies these pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Complaint survives screening, and the action may proceed.

**IT IS SO ORDERED**.

Dated: November 13, 2026

Hon. David D. Leshner
United States Magistrate Judge